# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| SHELIA SPEARMAN | CIVIL ACTION NO. 20-768 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Now before the Court is a Motion for Summary Judgment, filed by Defendant Wal-Mart Louisiana, LLC ("Wal-Mart"). The motion has been fully briefed. For the reasons below, the motion [Record Document 14] is **DENIED**.

## BACKGROUND

This case arises from a slip and fall at a Wal-Mart store in Shreveport, Louisiana. The undisputed material facts show that Plaintiff Shelia Spearman ("Plaintiff") was shopping at Wal-Mart when she slipped and fell on a substance near the registers. *See* Record Documents 14-2, ¶ 2; 16, p. 10. It is undisputed that there was a substance on the floor when Plaintiff fell. *See* Record Documents 14-2, pp. 4–6; 16.

Wal-Mart has provided video surveillance for approximately two hours prior to the accident and one hour after the accident. Record Document 16-7, Exhibit G: Video Surveillance. The video shows the area of the store where Plaintiff suffered her accident. *Id.* The video provides a side-aerial perspective of the incident. All relevant incidents occur almost in the middle of the video between the second and third merchandise displays, if counting the displays from bottom to top from the camera's perspective. However, one of the merchandise displays obstructs the view of the floor where Plaintiff slips and falls. *Id.* Plaintiff first appears at the top of the video at approximately 2:02:15 in the recording. Plaintiff falls at approximately 2:05:10 in the recording. *Id.*

Wal-Mart argues that it is entitled to summary judgment because Plaintiff is unable to meet her burden of proof under Louisiana Revised Statute § 9:2800.6. In particular, Wal-Mart contends that Plaintiff is unable to prove "that prior to the accident Wal-Mart either created, or had notice of, the condition of the floor giving rise to her fall." Record Document 14-1, p. 5. In support of its motion, Wal-Mart attached photographs, deposition testimony of store employees and Plaintiff, and video surveillance to show that Plaintiff has no evidence of the length of time that the hazard was on the ground. Wal-Mart states that the video does not show any spill happening, nor does it show any substance on the ground. Record Document 17, pp. 3–7. Wal-Mart avers that Plaintiff is only able to speculate as to what the video shows and, therefore, cannot defeat summary judgment. *Id.* at 3–4.

Plaintiff counters that summary judgment is not appropriate because there is a dispute of material fact as to whether Wal-Mart had constructive notice of the dangerous condition before her fall. Record Document 16, p. 1. Plaintiff relies on evidence through deposition testimony, photographs, and video surveillance to support her position that the hazard was on the ground for a sufficient period of time such that Wal-Mart was on constructive notice of the hazard. *Id.* Plaintiff specifically points to the video where she claims that Wal-Mart employees performed zero safety sweeps in the area where she fell in the two hours leading up to her fall. *Id.* at 3–5. Further, Plaintiff claims that the video shows two customers looking at the spill approximately 80 minutes before her fall. *Id.* at 7; *see also* Record Document 16-7, Exhibit G: Video Surveillance, at 41:29 & 43:28.

## **SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to

2

interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

3

# **LAW & ANALYSIS**

"Under Louisiana law regarding slip and fall cases, merchants carry the highest duty to protect patrons from dangers." *Kadlec v. La. Tech Univ.*, 50,841, p. 7 (La. App. 2 Cir. 11/16/16); 208 So. 3d 992, 996, *writ denied*, 2017-0062 (La. 3/24/17); 216 So. 3d 815. The enhanced duty owed by merchants is defined by Louisiana Revised Statute § 9:2800.6(A): "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." Although a grocery store owner has "an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons." *Tanner v. Brookshire Grocery Co.*, 29,276, p. 3 (La. App. 2 Cir. 4/2/97); 691 So. 2d 871, 873 (citing *Johnson v. Wal-Mart Stores, Inc.*, 616 So. 2d 817, 821 (La. Ct. App. 1993)).

In connection with the duty owed by merchants, Louisiana law also heightens the burden of proof on plaintiffs in slip and fall cases, according to § 9:2800.6(B):

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B). A plaintiff must prove all three requirements of § 9:2800.6(B), and "the failure to prove any is fatal to the claimant's cause of action." *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 7 (La. 9/9/97); 699 So. 2d 1081, 1086. For the purpose of summary judgment, Wal-Mart

has conceded that there is a dispute of material fact as to the first and third elements. *See* Record Documents 14-1, pp. 6–11; 17, p. 9. Wal-Mart's sole contention is that Plaintiff cannot meet her burden as to the second element regarding notice. Plaintiff has submitted no evidence that an employee of Wal-Mart created or had actual notice of the substance on the ground. Plaintiff, however, does argue that the evidence in the record is sufficient for the jury to infer constructive notice. Record Document 16, p. 2.

Constructive notice requires plaintiffs to prove "that the condition existed *for such a period of time* that it would have been discovered if the merchant had exercised reasonable care." La. R.S. § 9:2800.6(C)(1) (emphasis added). The phrase *for such a period of time* "necessarily includes a temporal element. Simply demonstrating the existence of the hazard is insufficient." *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 535 (5th Cir. 2018) (citing *White*, 699 So. 2d at 1084) (cleaned up). Plaintiffs must "'make a positive showing of the existence of the condition' for 'some time period prior to the fall.'" *Id.* (quoting *White*, 699 So. 2d at 1084–85) (citing *Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 409–10 (5th Cir. 2017)). "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *White*, 699 So. 2d at 1084. "The statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Id.* "Further, shifting the burden to the defendant to disprove the existence of the condition is impermissible under the statute." *Peterson*, 751 F. App'x at 536 (citing *White*, 699 So. 2d at 1085–86). The statute "places a heavy burden of proof on plaintiffs." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 37,117, p. 6 (La. App. 2 Cir. 5/14/03); 847 So. 2d 43, 48). Plaintiffs cannot rely on "[m]ere speculation or suggestion." *Id.* Plaintiffs, however, are "not required to prove by eyewitness testimony that the

5

hazardous condition existed for a certain number of minutes prior to the fall." *Finley v. Racetrac Petroleum, Inc.*, 48,923, p. 7 (La. App. 2 Cir. 4/9/14); 137 So. 3d 193, 198. "Instead, the factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such time prior to the accident that it should have been discovered and corrected." *Id.* (citation omitted).

Here, there is no testimony that anyone saw the substance on the ground or knew how long it had been on the ground prior to the accident. Plaintiff attempts to meet her burden through circumstantial evidence. Plaintiff argues that the video shows that Wal-Mart employees were not doing safety sweeps in the area prior to the accident and that two customers "look[ed] at [the] spill" with their feet. Record Document 16, p. 7. Plaintiff contends that this circumstantial evidence is enough to defeat summary judgment and for the jury to infer that the substance was on the floor for an extended period of time. Plaintiff, however, may not satisfy her burden as to constructive notice through allegations that Wal-Mart employees failed to conduct safety sweeps or follow store policies. *White*, 699 So. 2d at 1085. Louisiana courts require that the plaintiff show the hazardous condition existed for "some time period prior to the fall." *Id.* at 1084–85. As such, Plaintiff's evidence concerning the lack of a store safety plan and the failure to conduct safety sweeps is not sufficient to defeat summary judgment regarding notice.

The video surveillance, however, has created a dispute of material fact for trial. In viewing the video in a light most favorable to Plaintiff, the video shows that about 83 minutes before Plaintiff fell another patron examined the ground with his foot in the same area where Plaintiff fell. Record Document 16-7, Exhibit G: Video Surveillance, at 41:29. Two minutes later, another patron slipped/shuffled her feet in that area and then examined the bottom of her shoe afterwards. *Id.* at 43:28. A jury could reasonably conclude that there was a substance on the ground for some period

of time before Plaintiff's fall considering the attention paid to that area of the floor by one patron coupled with another patron slipping in that area approximately 80 minutes before Plaintiff's fall.[1] *See Fuselier v. Wal-Mart Stores, LLC*, No. 17-173, 2018 WL 1630428, at *5 (M.D. La. Apr. 4, 2018); *Blake v. Wal-Mart La., LLC*, No. 10-697, 2011 WL 6294023, at *3 (M.D. La. Dec. 15, 2011); *cf. Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012) (affirming district court granting summary judgment for defendant when video "merely shows the passage of time" and "does not show others slipping"). Whether this period of time is "sufficiently lengthy" is a question of fact for the jury. *White*, 699 So. 2d at 1084. Therefore, Plaintiff has met her burden in establishing a dispute of material fact as to notice. Accordingly, Wal-Mart's Motion for Summary Judgment [Record Document 14] is **DENIED**.

## CONCLUSION

For the reasons stated above, Wal-Mart's Motion for Summary Judgment [Record Document 14] is **DENIED**.

**THUS DONE AND SIGNED** this 26th day of June, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that other patrons walked through the same area without incident after these two patrons. The fact that some patrons traversed the area without incident while others did not goes to the weight of Plaintiff's evidence and is not an appropriate issue for the Court to consider on summary judgment. *See Armstrong*, 997 F.2d at 67.